## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

RICHARD Y. YBANEZ,
JENNIFER BADAR CRUZ,
ALEJO C. SABLAN,
KEVIN J.T. SUSUICO,
ANTHONY P. CHARGUALAF,

Defendant.

) CRIMINAL CASE NO. **CF0447-23**
)
)
)
)
)
)
) **DECISION & ORDER**
) **RE. DISMISSAL WITH PREJUDICE**
)
)
)
)
)
)

This matter came before the Honorable Alberto E. Tolentino on August 29, 2024, for a Status Hearing. Defendant Alejo Sablan was present with counsel Joaquin C. Arriola, Jr. Attorney Michael F. Phillips was present for Defendant Anthony Chargualaf. Public Defender Renita Taimanao-Munoz was present for Defendant Jennifer Badar Cruz. Attorney George Valdez was present for Defendant Richard Ybanez. Attorney Peter Santos was present Kevin Susuico. Attorney Phillip Torres, who had filed an Entry of Appearance as Special Prosecutor with the Office of the Attorney General (OAG), was not present. The court, *sua sponte*, dismissed the case and found that oral argument on the question of whether dismissal should be with or without prejudice was not necessary; and instead allowed the parties to submit supplemental briefs on the issue by September 6, 2024. Having considered the parties' supplemental briefing, relevant portions of the record, and applicable legal authority, the court hereby **DISMISSES WITH**

**PREJUDICE** the above-captioned matter. The court now issues the following Decision & Order memorializing its reason for dismissal with prejudice.

## RELEVANT FACTS

Based on events that occurred between April 12, 2022 through May 22, 2023, Defendants Richard Ybanez, Jennifer Badar Cruz, Alejo Sablan, Kevin Susuico, and Anthony Chargualaf ("Defendants") were accused via Indictment of the following charges: THEFT BY DECEPTION (As a 2nd Degree Felony); THEFT BY COMPLICITY (As a 2nd Degree Felony); CONSPIRACY FOR MISAPPLICATION OF ENTRUSTED FUNDS (As a 3rd Degree Felony); TAMPERING WITH PUBLIC RECORDS (As a 3rd Degree Felony); MISAPPLICATION OF ENTRUSTED FUNDS (As a Misdemeanor); and OFFICIAL MISCONDUCT (As a Misdemeanor).[1] Each offense was accompanied by a "Special Allegation: *Crimes Against the Community*."[2] The court will review the procedural history addressing the case's relevant events leading up to dismissal.

### A. Defendants' Assertion of their Right to Speedy Trial

On July 26, 2023, Defendants Sablan, Susuico, and Chargualaf asserted their rights to speedy trial.[3] On August 15, 2023, Defendants Ybanez and Cruz subsequently asserted their rights to speedy trial.[4] After asserting, Defendant Cruz waived her right to speedy trial on August 22, 2023.[5]

### B. Defendant Sablan's Motion to Disqualify the Office of the Attorney General

On September 1, 2023, Defendant Sablan filed a Motion to Disqualify the Office of the Attorney General ("Motion to Disqualify") and a Motion to Sever. In his Motion to Disqualify,

---

[1] Indictment (July 3, 2023). Not all the Defendants in this case were charged with each of these offenses.
[2] *Id.*
[3] Sablan Arraign. Hr'g Mins. (July 26, 2023); Susuico Arraign. Hr'g Mins. (July 26, 2023); Chargualaf Arraign. Hr'g Mins. (July 26, 2023).
[4] Cruz Arraign. Hr'g Mins. (Aug. 15, 2023); Ybanez Arraign. Hr'g Mins. (Aug. 15, 2023).
[5] Waiver (Aug. 22, 2023).

Defendant Sablan argued that the OAG's disqualification was proper due to a concurrent conflict of interest between OAG and the Guam Regional Transit Authority (GRTA) in violation of Guam Rule of Professional Conduct (GRPC) 1.7.[6] Defendant Susuico also filed on September 1, 2023, his own Motion for Severance and a Motion to Dismiss with Prejudice.[7] That same day, Defendant Chargualaf joined in the Defendant's Motion to Sever.[8] On September 7, 2023, Defendant Ybanez joined in the Defendant's Motion to Dismiss.[9] Due to the dispositive motions filed and the defendants' joinders in some of those motions, the speedy trial clocks for Defendants Sablan, Chargualaf, and Susuico tolled as of September 1, 2023.[10]

On September 28, 2023, this case was assigned to the Honorable Alberto E. Tolentino.[11] And on October 4, 2023, the court held its first hearing for this case as a Status Hearing, addressing potential conflicts of interest, or the lack thereof, regarding the undersigned's appointment to this case.[12] About one month later, Defendants Ybanez and Chargualaf joined in Defendant Sablan's Motion to Disqualify.[13]

The court began hearing oral argument for the Motion to Disqualify on November 6, 2023, which continued to November 8, 2023. Private attorney Joseph McDonald was present for the Motion Hearing held on November 8, 2023, where he formally entered his appearance as a Special

---

[6] Sablan Mot. Disq. OAG (Sept. 1, 2023).

[7] Susuico Mot. Sever. (Sept. 1, 2023); Susuico Mot. Dismiss (Sept. 1, 2023).

[8] Chargualaf Joinder Mot. Sever (Sept. 1, 2023).

[9] Ybanez Joinder Mot. Dismiss (Sept. 7, 2023).

[10] At this point, there were twenty-three days left to commence trial for all defendants until the resolution of the dispositive motions for the defendants' benefit, despite Defendant Ybanez joining in the dispositive motions at a later point in time. The Guam Supreme Court acknowledged that delays for the benefit of the defendant constitute as good cause for speedy trial purposes, such as tolling of the speedy trial clock. *See Ungacta v. Superior Court of Guam*, 2013 Guam 29 (arguing that, "delays caused by, or for the benefit of the defendant constitute good cause for speedy trial purposes.").

[11] Notice Judge Assign. (Sept. 28, 2023). Before the undersigned, this case was previously assigned to the Presiding Judge Alberto C. Lamorena III, who filed a Form One – Disqualification on September 27, 2023.

[12] Status Hr'g Mins. 11:12:37–16:20AM (Oct. 4, 2023).

[13] Ybanez Joinder Mot. Disq. OAG (Nov. 3, 2023); Chargualaf Joinder Mot. Disq. OAG (Nov. 6, 2023).

Assistant Attorney General (SAAG)[14] and argued the Motion to Disqualify on behalf of the People. At this hearing, the court took the matter under advisement.[15]

On April 25, 2024, the court issued its Decision & Order granting Defendant Sablan's Motion to Disqualify along with an Order requiring the OAG to secure the services of a Special Prosecutor within thirty-days to proceed with the prosecution of this case.[16] The speedy trial clocks for all Defendants continued to run, with twenty-three days left to commence trial in the case. Six days later, the OAG filed a Motion to Stay Appointment of Special Prosecutor ("Motion to Stay").[17]

**C. The People's Statement of Objection and Motion to Disqualify the Court**

On the same day that it filed its Motion to Stay, the OAG also filed a Statement of Objection and Motion to Disqualify this court on May 1, 2024.[18] Defendant Sablan subsequently filed a Motion to Strike the People's Statement of Objection, Motion to Disqualify, and Motion to Stay on May 2, 2024. Four days later, the OAG filed a Motion Requesting to Vacate the Court's Decision & Order; or alternatively to Reconsider the Decision & Order ("Motion to Reconsider"). Defendant Ybanez filed his Opposition to the People's Motion to Stay and Motion to Disqualify on May 7, 2024, along with his Joinder to Defendant Sablan's Motion to Strike. The People filed

---

[14] The Supreme Court of Guam recently answered the certified question of whether "[t]he Attorney General [is] required to implement conflict protocols consistent with the Guam Rules of Professional Conduct including, but not limited to, an ethical screen or assignment of investigations of agency officials to an independent *Special Prosecutor*." *In Re: Request of Lourdes A. Leon Guerrero*, Declaratory J. (May 31, 2024) (emphasis added). By answering this question in the affirmative, it stated that recusal from prosecution, erecting conflict walls, or appointing a *Special Assistant Attorney General* is within the AG's discretion so long as the AG makes any reasonable effort to ensure that the lawyers under his direct supervisory authority conform to the Rules of Professional Conduct. *Id.* (emphasis added). Thus, this court uses the positions Special Prosecutor and Special Assistant Attorney General interchangeably throughout this Decision & Order.

[15] Mot. Hr'g Mins., 12:21:25–21:58PM (Nov. 8, 2023).

[16] Dec. & Order Granting Sablan Mot. Disq. OAG (Apr. 25, 2024); Order (Apr. 25, 2024).

[17] Ppl. Mot. Stay (May 1, 2024).

[18] Ppl. Statement of Objection & Mot. Disq. (May 1, 2024).

its Opposition and Response on Defendant Sablan's Motion to Strike on May 7, 2024. Judge Tolentino filed his Answer to Statement of Objection on May 13, 2024.[19]

On May 13, 2024, the Honorable Maria T. Cenzon was assigned as the recusal judge to determine the People's Motion to Disqualify this court. While this case was before the recusal judge, the speedy trial clock had run for Defendants Sablan, Susuico, and Chargualaf on May 18, 2024. Defendant Ybanez's speedy trial clock had run on June 2, 2024. Judge Cenzon issued her Decision & Order denying the OAG's Statement of Objection and Motion to Disqualify this court on June 12, 2024. On June 13, 2024, the People filed its Reply to the Defendant's Opposition to the Motion to Reconsider.

**D. Entry of Appearance as Special Prosecutor**

Attorney Phillip Torres entered his appearance as a Special Prosecutor for the People of Guam on June 19, 2024.[20] Pursuant to this court's Order issued on April 25, 2024, the deadline for the People of Guam to secure the services of a special prosecutor in this case was Saturday, May 25, 2024. The court filed a Notice of In-Person hearing on August 13, 2024, scheduling a Status Hearing for August 29, 2024. However, the Special Prosecutor's only other action in this case was to file a Notice of Cancellation of his Entry of Appearance as Special Prosecutor on August 15, 2024.

---

[19] 7 GCA § 6107 states in relevant part: "Within ten (10) days after the service of such statement as above provided, or ten (10) days after the filing of any statement, whichever is later in time, the Justice or Judge alleged therein to be disqualified may file with the clerk his or her consent in writing that the action or proceeding continue without him or her, or may file with the clerk his or her written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his or her disqualification... The statement of a party objecting to the Justice or Judge on the ground of his or her disqualification shall be presented at the earliest practicable opportunity after his or her appearance and discovery of the facts constituting the ground of the Justice's or Judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such Justice or Judge." In any event, the court lost jurisdiction before the responsive pleadings were due. The undersigned was not personally served with the Statement of Objection and Motion to Disqualify until close to two weeks after it was filed. Dec. Serv. (May 15, 2024).
[20] Entry Appearance (June 19, 2024).

## E. Dismissal of the Case

The court held the Status Hearing on August 29, 2024, to determine whether and how this case will be moving forward. Ultimately, the court *sua sponte* dismissed the case; but left the issue of whether dismissal was with or without prejudice for the parties to brief.[21] The court issued its Order for Dismissal on September 4, 2024, memorializing its decision to dismiss the case. However, that same day, the OAG subsequently filed a Motion for Relief from Order of Dismissal ("Motion for Relief"), pursuant to Guam Rules of Civil Procedure (GRCP) 60(b).[22] As ordered by the court, Defendants Ybanez and Sablan filed their supplemental briefs in support of dismissal with prejudice.[23]

# LEGAL AUTHORITY

## A. Dismissal of the Case Pursuant to 8 GCA § 80.60 and § 80.70(b).

The court *sua sponte* dismissed this case pursuant to 8 GCA § 80.60 and alternatively 8 GCA § 80.70(b). Pursuant to 8 GCA § 80.60, the court shall dismiss a criminal action for failure to commence trial of a defendant within sixty (60) days after arraignment unless there is good cause for failure to commence the trial within the sixty-day time frame. Under 8 GCA § 80.70(b), "[i]f there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint."

The court was unable to find any good cause as to why this case was not brought to trial within the mandated sixty days. Among its reasons for dismissing the case, the court found unnecessary delay in bringing the Defendants' case trial after the OAG waited until June 19, 2024,

---

[21] Status Hr'g Mins. 10:41:20–42:25AM (Aug. 29, 2024).
[22] Acting Chief Prosecutor Gloria Rudolph and Attorney Curtis Vandeveld signed off on this motion as a Special Assistant Attorney General, although he has still not entered a formal appearance before the court in this case.
[23] Ybanez Br. in Support (Sept. 6, 2024); Sablan Memo. in Supp. (Sept. 9, 2024).

to appoint a special prosecutor to the case – twenty-five days after the thirty-day period expired and thirty-one days after the speedy trial clock had expired.[24] The court will now explicate its reasons to dismiss this case with prejudice.

## B. Federal Speedy Trial Act Factors

Where a defendant's statutory right to speedy trial is violated, "[t]he issue of whether the case should be dismissed with or without prejudice should be decided in the first instance by the trial court." *People v. Corpuz*, 2019 Guam 1, ¶ 18 (quoting *Nicholson v. Superior Court (People)*, 2007 Guam 9 ¶ 29) (Mar. 22, 2019). While the Guam Supreme Court has "never ruled that a speedy trial violation requires an automatic dismissal with prejudice… Guam's speedy trial statute does not contain a default presumption one way or the other—making both available to the trial court." *Id.* (quoting *People v. Aromin*, 2014 Guam 3 ¶¶ 14, 20-21; *see also* 8 GCA § 80.60 (2005)). The Guam Supreme Court has further held that the trial courts must consider the federal Speedy Trial Act factors when determining whether to dismiss a case with or without prejudice. *Aromin*, 2014 Guam 3, ¶ 21.

The federal Speedy Trial Act requires the court to consider the following factors and determine whether they weigh in favor of dismissal with prejudice in this case: "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution of the administration of justice." *Aromin*, 2014 Guam 3 ¶ 21.

### (1) The Seriousness of the Offense

When analyzing whether the seriousness of the offense favors dismissal with prejudice, the trial court's interpretation recognizes that "the more serious the offense, the more weight

---

[24] Order for Dismissal (Sept. 4, 2024).

should be given to dismissal without prejudice." *Aromin*, ¶ 23 (citing *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994)). "[W]here the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *Corpuz*, 2019 ¶ 24 (quoting *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986)).

By example and comparison to felony charges, misdemeanor charges are generally deemed less serious. For instance, the nature of an assault may be more serious than a theft because of the bodily injury. But another may view the punishments available for an assault versus a theft as a stronger indicator of a charge's seriousness. Thus, if evaluating the seriousness of the misdemeanor offenses in this case alone, it would fall in favor of dismissal with prejudice. However, this case also involves felonies; nonetheless the court will now review whether their seriousness also warrants dismissal with prejudice.

Defendant Ybanez stated that the felony charges in this case appear serious "at first glance." Ybanez Br. (Sept. 6, 2024). On the one hand, allegations of government misconduct here may be charged as serious violations of the criminal statute charged but also as a violation of the public's trust. The potential punishments would also be a good indicator of the seriousness of the charges. As to the charges of THEFT BY DECEPTION (As a 2nd Degree Felony) and THEFT BY COMPLICITY (As a 2nd Degree Felony), defendants typically face a minimum of five years and a maximum of ten years of imprisonment.[25] For "offenders not previously convicted of a felony or of an offense constituting theft, the court may sentence the offender to not more than five (5) years of imprisonment and the provisions of this subsection prohibiting probation suspension, parole, or work release shall not be applicable to such offender."[26] Pursuant to 9 GCA § 80.31, third degree felonies, like CONSPIRACY FOR MISAPPLICATION OF ENTRUSTED

---

[25] 9 GCA § 43.20(a).
[26] *Id.*

FUNDS (As a 3rd Degree Felony) and TAMPERING WITH PUBLIC RECORDS (As a 3rd Degree Felony), have a sentence ranging between zero to three years. Crime Against a Community was a special allegation that the People added onto each charge in this case. If convicted, the offender shall "serve one (1) year of incarceration and pay an additional fine of up to Five Thousand Dollars ($5,000.00)."[27] This year of incarceration would be imposed on the sentence for the underlying felony or misdemeanor.

Here, none of the Defendants who were charged with these felonies have ever been previously convicted of a felony or theft offense. Therefore, each Defendant, at a maximum, only faces no more than six years of imprisonment for each charge if convicted. In addition to the "victimless and non-violent" nature of the felony charges, Defendant Sablan argues that the seriousness of the offenses is negated by the defendants' viable defenses and their reasonable reliance on the OAG as GRTA's counsel as a mitigating factor to their sentencing. Sablan Memo. at 4–5 (Sept. 6, 2024). Defendant Ybanez also argues that the felony charges should not be considered serious, although appearing serious at first glance, because the likelihood of conviction is extremely low. Ybanez Br. at 8–9 (Sept. 6, 2024).

This court previously addressed the OAG's legal representation of GRTA in its Decision & Order. Before the OAG commenced a criminal prosecution for the Defendants' conduct, "it was apparent that the OAG did not, at a minimum as its legal representation, advise GRTA that Defendant Ybanez serving as the Interim Executive Manager was contrary to law... AAG Keeler, who was responsible for advising GRTA, apparently believed the conduct was not illegal." Decision & Order (Apr. 25, 2024). While the Attorney General suggested that a legal opinion on the legality of Ybanez's hiring was "necessary 'out of fairness to Mr. Ybanez,'" that opinion was

---

[27] 9 GCA § 43.31(d)(3).

never generated; and GRTA was never advised to cease its potentially illegal conduct before the OAG proceeded to prosecute that conduct. *Id.* at 14.

Therefore, after reviewing the applicable sentencing statutes and the People's conduct in commencing the criminal prosecution of this case, the court agrees that the charges are not as serious as they may appear to be. In this case, the Defendants are first-time offenders who relied on the OAG's advice that their conduct was not illegal. Thus, the court finds that the seriousness of the offenses charged weigh in favor of dismissal with prejudice.

**(2) The Facts and Circumstances of the case which led to the dismissal**

When looking at the facts and circumstances of the case which led to dismissal, trial courts have considered: bad faith by the Government or the court in causing the delay; actual prejudice to the defendant; unavailability of witnesses; the disappearance or deterioration of exculpatory evidence; whether the defendant was in confinement while awaiting the initiation of the case. *Aromin* at ¶ 24. "While not dispositive under this second factor, the court also evaluates whether the court's or government's conduct rises to the level of 'something more than an isolated unwitting violation,' such as a finding of 'bad faith' or a 'pattern of neglect.'" *Id.* (quoting *United States v. Taylor*, 487 U.S. 326, 339 (1988))."

An "[i]nordinate delay between public charge and trial" may (1) prejudice "a defense on the merits"—such as through the deterioration of crucial evidence, unavailability of witnesses, or subversion of the defendant's ability to prepare for trial—or (2) seriously prejudice "defendant's liberty, . . . disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Corpuz* ¶ 25; *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016) (quoting *Taylor*, 487 U.S. at 340-41) (explaining prejudice to defendant may come in trial prejudice or non-trial prejudice); *Aromin*, 2014 Guam 3

¶ 24 (mentioning examples of prejudice such as witness unavailability, deterioration of exculpatory evidence, or curtailment of defendant's liberty).

In order to understand whether the facts and circumstances in this case attributed to an overly long delay and prejudice, the court laid out the relevant procedural history leading up this case's dismissal. In regards to the court's conduct that attributed to the delay, the undersigned had been on medical leave upon taking the Motion to Disqualify under advisement. As its conduct that attributed to the delay, the prosecution was aware of the court's order since April 25, 2024, to secure the services of a special prosecutor in order to prosecute this case. And based on the lack of any waiver of speedy trial rights filed since Defendant Cruz's waiver on August 22, 2023, it was also aware that it had to secure those services before the speedy trial clock expired. Instead, the OAG did not appoint a special prosecutor until twenty-five days past the expiration of the time the court allotted to secure those services before dismissing the case in its entirety. Just as importantly, they had appointed this special prosecutor thirty-one days after the speedy trial clock had already been expired.

Although aware that the speedy trial clock was set to expire on May 18, 2024, the OAG filed a Motion to Disqualify this court and Statement of Objection on May 1, 2024. While the speedy trial clock tolls for dispositive motions for the Defendants' benefit, this motion is not of this type. Notably, the OAG previously indicated in a 2023 motion hearing that it would not be filing anything of this nature against this court. Mot. Hr'g Mins. at 1:41:19–41:30PM (Oct. 20, 2023). Rather than attempt to disqualify this court when it was initially assigned to the case on September 28, 2023, the OAG chose to file this motion with only seventeen days left to commence trial before a speedy trial violation may occur.

Defendant Sablan stated in his brief that the lack of a trial date made it more difficult to find and serve relevant witnesses with subpoenas, whose memories may fade overtime the longer the Defendant must wait for trial. Sablan Br. at 6 (Sept. 9, 2024). If the case proceeds to trial, the court acknowledges that the overly long delay may make it more difficult for the defendants to present the same case they would have had that delay not occurred.

In regards to whether the OAG's conduct rises to the level of "something more than an isolated unwitting violation," the procedural history above presents the OAG's continuous filing of motions[28] after not only this court had disqualified the OAG as a whole, but also after the Defendants' speedy trial clock had expired. This conduct is not just one isolated unwitting violation; it has become a pattern in this case. Therefore, the court finds that the facts and circumstances of this case, which led to dismissal, weigh in favor of dismissal with prejudice.

**(3) The impact of a reprosecution on the administration of justice**

"The Court should also look to the likelihood of repeated violations and whether potential administrative changes are prompted by the violation." *Bert*, 814 F.3d at 86. While not as serious of a sanction as dismissal with prejudice, dismissal without prejudice would still require the People to obtain a new indictment and potentially face dismissal on statute of limitations grounds. *Corpuz* ¶ 27 (quoting *Taylor*, 487 U.S. at 342).

Defendants Ybanez and Sablan contend in their briefs that the impact of a reprosecution on the administration of justice weighs in favor of dismissal with prejudice. Defendant Ybanez states that it is very likely that the case will not be re-charged, or alternatively, will be dismissed again if the People indict the Defendants again. Ybanez Br. at 10 (Sept. 6, 2024). Ybanez supports

---

[28] Mot. Stay Appt. (May 1, 2024); Mot. Vacate or Reconsider (May 6, 2024); Memo. Supp. Mot. (May 6, 2024); Opp'n & Resp. Mot. Strike (May 7, 2024); Opp'n Reply (June 13, 2024); Ppl.'s GRCP 60(b) Mot. (Sept. 4, 2024).

this argument with the fact that Attorney Keeler and the Attorney General himself were unsure anything criminal occurred. *Id.*

As mentioned earlier, the OAG repeatedly filed motions without leave of court and after this court had already disqualified the entire office from this case. The court is concerned with how this case would proceed if it were to dismiss this case without prejudice. Even though this court has already disqualified the OAG, it still maintains that the disqualification was inappropriate and that this court's Order to appoint a special prosecutor violates the separation of powers within the Organic Act of Guam. Ppl.'s GRCP 60(b) Mot. at 4–6 (Sept. 4, 2024).

Reprosecution of this case, while the People still maintain its position on disqualification and this court's order to appoint a special prosecutor, impacts the administration of justice, because it is likely that the OAG may act as they have in this case if this same issue arises. And this issue of disqualification will likely arise again, given that the same conflict of interest between the OAG and GRTA still exists to this day. Therefore, the court finds that the impact of the reprosecution on the administration of justice weighs in favor of dismissal with prejudice.

Because all three factors weigh in favor of dismissal with prejudice, the court holds that this case be dismissed with prejudice for the reasons set forth above.

## C. The OAG's GRCP 60(b) Motion for Relief from Order of Dismissal

On September 4, 2024, the sought relief from this court's Order for Dismissal under GRCP 60(b) on three grounds that, which the court will address below.

### (1) The Court's Order for Dismissal is not procedurally defective and void.

The OAG first argues that this court's Order for Dismissal was procedurally defective and void under GRCP 60(b). Ppl.'s GRCP 60(b) Mot. at 2 (Sept. 4, 2024). Although it cites GRCP 60(b) as authority for this argument, this rule is not one within the small list of GRCP rules that

may be applied to criminal matters. The scope of GRCP's applicability to criminal matters is limited:

> These rules govern the procedure in all suits of a civil nature, including civil actions, domestic actions, special proceedings and criminal matters of which the court has jurisdiction. Their application to criminal matters are limited to Rules *5(g), 78, 79(c), 84, 91 and 93*. They shall be construed and administered to secure a just, speedy, and inexpensive determination of every action.

GRCP Rule 1. Scope of Rules. (emphasis added).

The OAG's second argument as to the "procedural defectiveness and voidness" of the court's Order for Dismissal is that the court dismissed this case without notice to the prosecution or without opportunity for the prosecution to respond. Ppl's Mot. GRCP 60(b) for Relief at 3 (Sept. 4, 2024). Contrary to this position, the court did put the OAG on notice for dismissal in its Order. This court specifically instructed that it must secure the services of a special prosecutor "within thirty (30) days of the filing of this Order or the matter will be dismissed in its entirety." Order (Apr. 25, 2024). Therefore, the court's Order for Dismissal is not procedurally defective and void.

**(2) The OAG's Motion for Reconsideration is not up for appeal.**

The OAG also complains that its Motion for Reconsideration[29] was not ruled on by this court. As mentioned above, the OAG attempted to file a Motion for Reconsideration of this court's Decision & Order disqualifying the entire OAG from representing the People in this case.

---

[29] The People's Motion to Reconsider requested the Court to either: (1) vacate its Order, as a contravention of the Organic Act of Guam; or alternatively (2) reconsider its Decision and Order. Memo. Ppl.'s Mot. at 6 (May 6, 2024). The People cite as authority for its motion Local Rule of the Superior Court of Guam CVR 7.1(i). While this rule applies for Motions for Reconsideration in civil cases, the scope of the Guam Rules of Civil Procedure generally does not extend to criminal matters. CVR 1.1. However, the rule cites to an exception that allows for the GRCP to apply to criminal proceedings *if they are inconsistent with rules that apply. Id.* (emphasis added). CR 1.1(d) is the applicable rule for Motions for Reconsideration in criminal matters; and this rule is consistent with its civil source CVR 7.1(i). Even if this motion cited CR 1.1(d) as authority, the People still failed to request leave of court to file motions after the deadline, retreat to the *Ex Parte* judge, or file a motion to shorten time, so the court could properly address the matter before the case temporarily transferred to a recusal judge.

Pursuant to this Decision & Order, the court issued an Order requiring the OAG to secure the services a special prosecutor within thirty days if the OAG wished to move forward in this case. However, the OAG argued that its right to appeal this court's April 25, 2024 Order has not expired, because its Motion for Reconsideration tolled the running of time for an appeal.

At the time it filed the Motion to Reconsider, but before the responsive pleadings were filed or heard, this case had been temporarily out of this court's jurisdiction as a result of the OAG's Statement of Objection and Motion to Disqualify. A briefing schedule was issued for the Opposition and Reply to the Motion to Stay Appointment of a Special Prosecutor: Opposition was due May 15, 2024; and Reply was due May 22, 2024.[30] However, because the OAG filed the Statement of Objection and Motion to Disqualify, the case continued to be outside of this court until Judge Cenzon issued her Decision & Order, on June 12, 2024, denying the People's Statement of Objection and Motion to Disqualify this court.

Based on the briefing schedule, the Reply would have been due before the speedy trial clock expired on May 18, 2024. However, the OAG failed to file a separate motion to shorten time, so that the court could address it and before the disqualification of this court as a whole became a possibility. Thus, the OAG's Motion for Reconsideration is not up for appeal.

**(3) The OAG has continued to act in this case after its disqualification.**

Lastly, the OAG contends that disqualification of the entire office in this case is inappropriate;[31] and that they were unable to take further action until this court ruled on its Motion

---

[30] Notice of Motion (May 1, 2024).

[31] An attorney in the Office of the Attorney General, including the Attorney General, is an actual conflict of interest when they have advised a government officer in their official capacity on natters related to an offense the officer is charged with. *In Re: Request of Lourdes A. Leon Guerrero*, Declaratory J. (May 31, 2024) (citing *Troutman*, 22 F.2d at 1437; *People ex rel. Deukmejian v. Brown*, 624 P.2d 1206, 1207 (Cal. 1981) (in bank)). Whether the conflict of interest should be imputed to the entire Office of the Attorney General should be decided case by case after considering the entire complex of facts surrounding the conflict. *Id.* (citing *People v. Pomar*, 313 Cal. Rptr. 3d 457. 467 (Ct. App. 2023), *as modified* (Sept. 29, 2023)).

to Reconsider. Ppl.'s GRCP 60(b) Mot. at 4–5 (Sept. 4, 2024.) They further argue that had the court granted the Motion to Reconsider, the parties could have determined how to proceed. *Id.* at 5. And had this court denied the motion, the OAG could have sought an interlocutory appeal to determine the validity of this court's Order disqualifying the entire office. *Id.*

Although the OAG posits its inability to take further action without this court ruling on the Motion to Reconsider; it continued to act after filing its Motion to Reconsider on May 6, 2024. But more recently, the OAG still acted in this case after the expiration of the court's Order to secure a special prosecutor within thirty-days of that order, which warned of the case's dismissal for failure to do so. For instance, the OAG filed: Declaration of Service; Entry of Appearance for a Special Prosecutor; Notice of Cancellation of a Special Prosecutor; and an Opposition to the Defendant's Motion to Strike.[32]

Following the same reasoning the Guam Supreme Court applied in *People v. Corpuz*, even if this court denied the Motion to Reconsider and allowed it to seek an interlocutory appeal, the OAG still would have been required to show that the federal Speedy Trial Act factors weighed in their favor; and that the Defendants' rights to speedy trial would not have been violated.[33] However, the OAG likely would not have been able to show that the Defendants' speedy trial rights would not have been violated since it filed its Motion to Reconsider with only twelve days left to commence with trial without tolling the clock.

\\

\\

\\

---

[32] Decl. Serv. (May 15, 2024); Entry Appearance (June 19, 2024). Opp'n & Resp. Mot. Strike (May 7, 2024); Ppl.'s GRCP 60(b) Mot. (Sept. 4, 2024).
[33] The Guam Supreme Court in *Corpuz* held that Corpuz was still in the same position post-conviction as he would have been if he the Court granted interlocutory appeal as it relates to the issue of showing prejudice under the federal Speedy Trial Act factors. *Corpuz* at ¶ 25, FN 5.

## CONCLUSION

For the reasons set forth above, the court hereby **DISMISSES WITH PREJUDICE** the above-captioned matter.

**SO ORDERED** this _____ OCT 2 1 2024 _____ .



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

P. Torres, Arriola, Peter Santos
POSC, Philips, G. Valdez,
Date: 10/21/24 Time: 3:20 p

Antonio Cruz
Deputy Clerk, Superior Court of Guam